UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RONNIE G. BOYD et al                                                                              PLAINTIFFS

VERSUS                                                             CIVIL ACTION NO. 1:14CV143-HSO-RHW

MISSISSIPPI REGIONAL HOUSING
AUTHORITY, NO. VIII et al                                                                        DEFENDANTS

**ORDER GRANTING MOTION TO QUASH**

Before the Court is a motion to quash subpoena or for protective order filed by the Equal Employment Opportunity Commission (EEOC).  Doc. [24].  At issue is a subpoena issued by Plaintiffs directing EEOC Area Director Wilma Scott to appear for a deposition and to provide documents relating to Plaintiff Ronnie G. Boyd's claims against Defendant Mississippi Regional Housing Authority No. VIII.  *See* doc. [24-1].  Since filing its motion, the EEOC has provided to Plaintiffs a copy of its investigative file with certain privileged documents withheld and listed on a privilege log.  Neither Plaintiffs nor Defendants argue in their supplemental pleadings that the document production is somehow incomplete.  Rather, the only remaining issue appears to be whether Ms. Scott should be compelled to testify regarding the EEOC's file and its investigation of Boyd's EEOC claim.

The Court finds that the EEOC's motion to quash or for protective order should be granted to the extent that Wilma Scott is not obliged to appear for a deposition in this case.  The EEOC initially issued a no cause determination regarding Boyd's claim.  The EEOC later issued a Notice of Intent to Reconsider signed by Ms. Scott.  The EEOC reconsidered the evidence and concluded that there was reasonable cause to believe that Defendant violated the Americans with

Disabilities Act.  The case was referred to the Department of Justice, who later declined to file suit and issued Boyd a Notice of Right to Sue.  Plaintiff Boyd then filed the instant lawsuit.

In their supplemental memorandum, Plaintiffs assert that they wish to depose Ms. Scott about "factual inconsistencies" in the investigative file; however, Plaintiffs fail to identify with any specificity these alleged factual inconsistencies.  Doc. [32].  In their supplemental memorandum, Defendants also argue that there are "factual inconsistencies" in the EEOC's file which may have served as the basis for its change in position regarding Boyd's EEOC charge.  Doc. [33].  The Defendants provide little or no evidentiary support for each assertion regarding factual inconsistencies.  Defendants have provided a two-page case log that indicated no activity in the case file from May 10, 2011, through May 29, 2012.  Doc. [28-3].  Defendants infer from the lack of activity in the case log that there was no basis for the EEOC's change in position.  The EEOC disputes each of Defendants' arguments regarding factual inconsistencies, though does so without giving the Court the benefit of reference to any documentary evidence other than the aforementioned case log.  The case log itself demonstrates that subsequent to the EEOC's decision to reconsider, but prior to making a cause determination, an investigator conducted an on-site investigation and talked both to Plaintiff and Defendant.  *Id.*  The Court is not persuaded that the documentary evidence as presented demonstrates any "factual inconsistency" that would warrant a deposition of Ms. Scott.

The EEOC is not a party to this lawsuit.  Plaintiffs and Defendants each have received a copy of the EEOC's investigative file.  The deposition is an attempt to go behind the EEOC's investigation and to question Ms. Scott regarding that investigation.  The parties may not litigate the adequacy of the EEOC's investigation and determination.  *See EEOC v. KECO Industries,*

*Inc.*, 748 F.2d 1097, 1100 (6th Cir. 1984); *EEOC v. General Electric Co.*, 532 F.2d 359, 370 & n.31 (4th Cir. 1976).  If the Court were to permit this type of deposition, EEOC employees potentially would be subject to deposition in every employment discrimination lawsuit filed.  *See Leyh v. Modicon*, 881 F.Supp. 420, 424-25 (S.D. Ind. 1995).  In this case the parties have not provided a compelling reason to depose Ms. Scott.  Although the Court does not foreclose the possibility that an EEOC employee may be subject to deposition in certain circumstances, the Court finds that the facts of this case do not warrant such a course of action.

    Alternatively, the motion to quash should be granted because Plaintiffs failed to properly serve Ms. Scott.  Plaintiffs do not dispute that Ms. Scott was not personally served with a copy of the subpoena, as required by Fed. R. Civ. P. 45(b)(1).  Moreover, Plaintiffs do not dispute the EEOC's contention that Plaintiffs failed to tender statutory witness fees as required by Rule 45.

    IT IS THEREFORE ORDERED AND ADJUDGED that the EEOC's [24] Motion is GRANTED.

    SO ORDERED, this the 10th day of September, 2014.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE